# In the United States District Court for the Western District of Texas

| | |
|---|---|
| NABIL ELGAWHRY § | |
| § | |
| v.  § | SA-11-CV-809-XR |
| § | |
| RAM CHEMICAL AND SUPPLY, § | |
| INC., et al. | |

## ORDER

On this day came on to be considered Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (dkt. no. 4) and Defendant's motion to dismiss for lack of jurisdiction, or alternative motion to dismiss (dkt. no. 7).

## Background

Nabil Elgawhry alleges that on October 2, 2009, he was attempting to add chlorine tablets to the swimming pool located in the backyard of his home. He alleges that when he opened the 40-pound container of chlorine tablets, "the lid blew off because of the build up of what is believed to have been the gas nitrogen trichioride. The lid, chlorine and chlorine gas exploded into his face, causing him to suffer severe and permanent damage to his respiratory system and pulmonary function." Plaintiff alleges that Defendant, Ram Chemical and Supply, Inc. manufactured and sold the 40lb container of chlorine tablets. The containers were manufactured by Defendant M&M Industries, Inc. Plaintiff alleges that

Warehouse Pools, Inc.[1] purchased the container of chlorine tablets from Ram Chemical and Supply, Inc. for use as retail sales item.

Plaintiff brings this suit alleging that the Defendants violated the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. §§ 136, et seq., as well as Texas state law theories of product liability. Plaintiff only alleged federal question and supplemental jurisdiction in the complaint. Plaintiff did not assert diversity jurisdiction as a jurisdictional basis for filing suit in this Court.

## Defendants' Motions to Dismiss

Defendants argue that FIFRA provides no private cause of action and that accordingly no federal question jurisdiction exists. They further argue that the state law claims should be dismissed because no proper supplemental jurisdiction exists. Plaintiff has not filed any response to either motion.

## Analysis

FIFRA establishes procedures for registering pesticides with the U.S. Department of Agriculture and establishes labeling provisions. FIFRA also mandates that the EPA regulate the use and sale of pesticides to protect human health and preserve the environment. Under the Act, the EPA is specifically authorized to: (1) strengthen the registration process by shifting the burden of proof to the chemical manufacturer,(2) enforce compliance against banned and unregistered products, and (3) promulgate a regulatory framework.

Much of the case law involving this statute addresses whether FIFRA

---

[1] It is uncertain whether this Defendant was served. No answer or appearance has been filed by this Defendant.

2

preempts a state cause of action. There are, however, some cases addressing whether Congress intended to create a private cause of action under FIFRA. These courts have concluded there is no such private cause of action. *See e.g., Fiedler v. Clark*, 714 F.2d 77 (9th Cir. 1983); *In re Agent Orange Product Liability Litigation*, 635 F.2d 987 (2d Cir. 1980); *Hartless v. Clorox Co.*, 2007 WL 3245260 (S.D. Cal. 2007); *In re StarLink Corn Products Liability Litigation*, 212 F. Supp.2d 828 (N.D. Ill. 2002); *Southern States Cooperative Inc. v. I.S.P. Co., Inc.*, 198 F. Supp.2d 807 (N.D. W.Va. 2002); *Lucas v. Bio-Lab, Inc.*, 108 F. Supp.2d 518 (E.D. Va. 2000).

Although this Court was unable to locate any Fifth Circuit cases directly addressing this issue, this Court's independent review of the current statute supports the conclusion that Congress has not created a private cause of action under FIFRA. Accordingly, Defendants' motions to dismiss for failure to state a claim are granted.

Inasmuch as the complaint does not set forth a claim "arising under" federal law, this Court does not have supplemental jurisdiction to hear the state law products liability claims. Alternatively, this Court declines to hear these state law claims. *See James v. Gonzalez*, 348 Fed. Appx. 957 (5th Cir. 2009).

## Conclusion

Defendant's Motion to Dismiss (dkt. no. 4) and Defendant's Motion to Dismiss (dkt. no. 7) are granted for failure to state a claim upon which relief can be granted. Plaintiff's claims are dismissed without prejudice. The Clerk is

instructed to close this case.

It is so ORDERED.

SIGNED this 9th day of February, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE